**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**2/8/2016 2:58:40 PM**
**James A. Noel**
**Chris Peck**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

No. D-202-CV-2016-00833

MICHELLE LUCERO, individually and
as next friend of MYA LUCERO, a minor,

Plaintiffs

vs.

LEZLIE GOAD, BNY MELLON TRUST
COMPANY, HERTZ CAR RENTAL
COMPANY and STATE FARM INSURANCE
COMPANY,

Defendants.

## COMPLAINT FOR PERSONAL INJURIES

COME NOW the Plaintiffs, by and through their attorneys of record, Duhigg, Cronin, Spring & Berlin (Nancy Cronin), and for their Complaint state:

### Jurisdiction, Venue and Allegations Relevant to All Claims

1. Plaintiffs are residents of Bernalillo County, New Mexico.
2. Upon information and belief, Defendant, Lezlie Goad, is a resident of Dallas, Texas.
3. Upon information and belief, Defendant BNY Mellon Trust Company (hereinafter "BNY Mellon") was the employer of Defendant Goad at the time of the collision. It is believed that this collision occurred during the course and scope of Defendant Goad's employment.
4. Defendant, Hertz Car Rental Company (hereinafter "Hertz") is a car rental company authorized to engage in business within the State of New Mexico.
5. Defendant, State Farm Insurance Company (hereinafter "State Farm") is an insurance company authorized to engage in the sale of insurance within the State of New Mexico.
6. The events described in this Complaint occurred within Bernalillo County, New Mexico.
7. Jurisdiction and venue are proper in this Court.
8. On July 2, 2014, Defendant Goad was operating her vehicle northbound on Interstate 25 in Albuquerque, Bernalillo County, New Mexico, when her vehicle negligently struck Plaintiffs' vehicle from behind. This incident resulted in Plaintiffs suffering injuries.
9. The Plaintiff's claims set forth herein do not total more than $74,999.00.

**EXHIBIT A**

### COUNT I - Negligence by Defendant Goad

10. Plaintiffs reassert and hereby incorporate the above allegations as if fully set forth herein.

11. On July 2, 2014, Defendant Goad rearended the Plaintiffs' vehicle while Plaintiffs were stopped for traffic ahead of them on northbound Interstate 25 in Albuquerque, Bernalillo County, New Mexico.

12. Defendant Goad had a duty to exercise ordinary care in the operation of her vehicle.

13. Defendant Goad breached her duty of care.

14. As a direct and proximate result of Defendant Goad's breach of her duty, Plaintiffs suffered personal injuries and other damages.

WHEREFORE, Plaintiffs request judgment against Defendants in an amount to be determined by the trier of fact, together with costs, pre- and post-judgment interest and such other relief as this Court deems proper.

### COUNT II - Negligence Per Se of Defendant Goad

15. Plaintiffs reassert and hereby incorporate the above allegations as if fully set forth herein.

16. Defendant Goad operated her vehicle in violation of ordinances and statutes that were in effect at the time of the accident at issue in this lawsuit, i.e., following too closely and other violations.

17. Plaintiffs were members of the class of persons such statutes and ordinances were designed to protect.

18. As a direct and proximate result of Defendant Goad's violations of such statutes and ordinances, Plaintiffs have suffered damages and injuries.

WHEREFORE, Plaintiffs request judgment against Defendants in an amount to be determined by the trier of fact, together with costs, pre- and post-judgment interest and such other relief as this Court deems proper.

### COUNT III - Negligence by Defendant BNY Mellon

19. Plaintiffs reassert and hereby incorporate the above allegations as if fully set forth herein.

20. At the time of the accident at issue in this lawsuit, it is believed that Defendant Goad was employed by Defendant BNY Mellon and was acting within the course and scope of her employment.

21. Defendant BNY Mellon is vicariously liable for the negligent acts of Defendant Goad through the principal of respondeat superior because her negligent acts were committed while she was acting within the course and scope of her employment.

WHEREFORE, Plaintiffs request judgment against Defendants in an amount to be determined by the trier of fact, together with costs, pre- and post-judgment interest and such other relief as this Court deems proper.

### COUNT IV - Negligence by Defendants Hertz and State Farm

22. Plaintiffs reassert and hereby incorporate the above allegations as if fully set forth herein.

23. Defendants Hertz and State Farm provided liability insurance coverage to Defendant Goad for the vehicle involved in the subject incident.

24. Defendant Goad's insurance policies with Defendants Hertz and State Farm were obtained pursuant to New Mexico State law, which requires that motor vehicles owned or operated in New Mexico carry liability insurance in the minimum amounts of $25,000.00 per injured person and $50,000.00 for all injured persons in any single incident.

25. The purpose of New Mexico's motor vehicle law is to enable persons who own or operate motor vehicles, such as Defendant Goad in this case, to pay for the damages suffered by others due to the fault of the owner or operator of a motor vehicle. The law is intended for the benefit and protection of the public and for persons who might be injured by motor vehicles, such as the Plaintiffs in this case.

26. Defendants Hertz and State Farm are liable by contract and by force of law to pay damages to Plaintiffs arising from the liability of Defendants Hertz and State Farm.

27. Defendants Hertz and State Farm are vicariously liable to Plaintiffs as the insurance carriers for Defendant Goad.

28. Pursuant to <u>Raskob v. Sanchez</u>, Defendants Hertz and State Farm are proper parties to this case.

WHEREFORE, Plaintiffs request judgment against Defendants in an amount to be determined by the trier of fact, together with costs, pre- and post-judgment interest and such other relief as this Court deems proper.

Electronically filed:

By: /s/ Nancy Cronin
Nancy Cronin
Duhigg, Cronin, Spring & Berlin, P.A.
Attorneys for Plaintiff
P. O. Box 527
Albuquerque, NM 87103
Telephone: (505) 243-3751
Facsimile: (505) 246-9797